IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00757-BNB

DAQUAN LAMEL DONALDSON,

    Plaintiff,

v.

C. DANIELS, Warden,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Daquan Lamel Donaldson, is a prisoner in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. Mr. Donaldson, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. He seeks compensatory damages.

    The Court must construe the Complaint liberally because Mr. Donaldson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Donaldson will be ordered to file an Amended Complaint and assert how Defendant Daniels violated his constitutional rights.

To establish personal participation, Mr. Donaldson must show how a named defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  *See Dodds v. Richardson, et al.* ,614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).  Mr. Donaldson must plead what Defendant Daniels, a prison official, did to him through his own act that violated the Constitution.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Mr. Donaldson also must explain in his Amended Complaint when Defendant Daniels did the action, how the action harmed him, and what specific legal right he believes Defendant Donaldson violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Mr. Donaldson file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives.  It is

FURTHER ORDERED that Mr. Donaldson shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Donaldson fails within the time allowed to file an Amended Complaint that complies with this Order, the Court will dismiss the action

without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED May 20, 2013, at Denver, Colorado.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge