IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00757-BNB

DAQUAN LAMEL DONALDSON,

    Plaintiff,

v.

WARDEN C. DANIELS,

    Defendant.

---

ORDER TO DISMISS

---

    Plaintiff, Daquan Lamel Donaldson, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. On March 22, 2013, Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331.

    On May 20, 2013, Magistrate Judge Boyd N. Boland ordered Plaintiff to file an Amended Complaint that asserted personal participation by Defendant Daniels in the alleged constitutional violation. Magistrate Judge Boland instructed Plaintiff that a defendant may not be held liable on a theory of respondeat superior merely because of his supervisory position. On June 14, 2013, Plaintiff filed an Amended Complaint.

    The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

Although Plaintiff's Amended Complaint does not include all of the pages of the prisoner complaint form, Plaintiff has stated the substance of his claim against Defendant Daniels in the pages that he has provided. The Court has reviewed these claims and determined that dismissal of the Complaint and action as legally frivolous is proper for the following reasons.

Plaintiff asserts that Defendant Daniels failed to provide a healthy environment because an unknown official in the medical department failed to properly screen for the prevention of tuberculosis. Plaintiff contends that he did not have tuberculosis before he was placed at the United States Penitentiary (USP) in Florence, Colorado, and that he contracted the disease through another inmate while he was housed there. Plaintiff concludes that because Defendant Daniels is responsible for a healthy environment, and the overall safety of the prisoners at the Florence USP, he also is responsible for the acts of the unknown official who failed to follow proper medical procedures when screening for tuberculosis. Plaintiff concedes that he has "inactive" tuberculosis, and has received all "preventive and effective treatment" for the "neutralization of the disease," but he seeks money damages because at any time the tuberculosis may become active. Compl., ECF No. 1, at 10; Am. Compl., ECF No. 16, at 2 and 4.

A defendant may not be held liable on a theory of respondeat superior merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469,

479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he causes.  *See Dodds v. Richardson, et al.*, 614 F.3d 1185, 1208-13 (10th Cir. 2010) (Tymkovich, J., concurring); *Pahls v. Thomas*, --- F.3d ---, 2013 WL 2398559, *9 (10th Cir. 2013) (applying *Dodds* in a *Bivens* action).  A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Pahls*, 2013 WL 2398559, at *9 (applying *Iqbal* in a *Bivens* action).

There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.' ") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  To show an affirmative link by an adoption of a plan or policy, a plaintiff must demonstrate that a defendant "(1) . . . promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Pahls*, 2013 WL 2398559, at *10 (quoting *Dodds*, 614 F.3d at 1199).

Plaintiff does not assert that Defendant Daniels personally screened inmates or that he promulgated, created, or implemented a policy that was the cause of the improper screening of inmates for tuberculosis.  Therefore, the Court will dismiss the

Complaint as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  20th  day of  June , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court